CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
FEB 1 6 2006
JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

Not Intended for Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LAMONT DAVIS,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:06CV00100 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: Norman K. Moon |
| | ) | United States District Judge |
| Respondent. | ) | |

Petitioner Lamont Davis, a federal inmate acting through counsel, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). In his motion, Davis requests re-sentencing based on the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (January 12, 2005). Davis also asserts that his § 2255 motion is timely filed, pursuant to § 2255 para. 6(3) because he submitted it within one year of the *Booker* decision.[1] Because the court finds that *Booker* does not apply retroactively to Davis's case, the court must summarily dismiss his § 2255 motion.

---

[1] Although counsel state in their brief that Davis's § 2255 motion was filed within one year of the January 12, 2005, the date the *Booker* opinion issued, the motion was actually executed by counsel on February 7, 2006, and filed with the court on February 9, 2006.

## I. Procedural History.

Davis pled guilty on January 14, 1998, to one count of conspiracy to distribute crack cocaine. The court sentenced Davis on August 12, 1998, to 360 months in prison. Davis appealed. The United States Court of Appeals for the Fourth Circuit affirmed this court's judgment on February 16, 1999. The United States Supreme Court denied Davis's petition for a writ of certiorari on June 21, 1999. Counsel filed this § 2255 motion on February 9, 2006.

## II. Analysis.

Davis alleges that his sentence violates the rule in *Booker*. The Supreme Court, in its *Booker* decision, extended the rule in *Blakely v. Washington*, 542 U.S. 296 (2004), to invalidate the United States Sentencing Guidelines in part. The United States Court of Appeals for the Fourth Circuit has held that *Booker* does not apply retroactively to cases on collateral review. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). *See also United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005) (citing other cases holding *Booker* not to be retroactive).

Davis's conviction and sentence became final on June 21, 1999, when the Supreme Court denied the petition for a writ of certiorari. *See United States v. Clay*, 537 U.S. 522, 525 (2003). Since Davis's conviction became final prior to the decision in *Booker*, the court finds that *Booker* does not apply retroactively to his § 2255

motion for collateral review. Because Davis's motion relies on *Booker*, the court must dismiss his motion. Moreover, because *Booker* does not apply to his case, it does not provide a basis on which to find his § 2255 motion timely under § 2255 para. 6(3), and his motion is clearly untimely under § 2255 para. 6(1).

An appropriate Final Order will be entered herewith.

DATED: February 13, 2006.

*[signature]*
United States District Judge